IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LG ELECTRONICS, INC.,<br><br>            Plaintiff and<br>            Counterclaim Defendant,<br><br>       v.<br><br>BIZCOM ELECTRONICS, INC., COMPAL<br>ELECTRONICS, INC., and SCEPTRE<br>TECHNOLOGIES, INC.,<br>_____/<br><br>FIRST INTERNATIONAL COMPUTER, INC.<br>and FIRST INTERNATIONAL COMPUTER OF<br>AMERICA, INC.,<br>_____/<br><br>Q-LITY COMPUTER, INC., QUANTA<br>COMPUTER, INC., and QUANTA COMPUTER<br>USA, INC.,<br><br>            Defendants and<br>            Counterclaimants.<br>_____/ | No. C 01-01375 CW<br>    C 01-01594 CW<br>    C 01-02187 CW<br><br>**THIS DOCUMENT<br>RELATES TO ALL<br>CASES**<br><br>ORDER REGARDING<br>COURT APPOINTED<br>EXPERT |

On January 17, 2007, the parties filed their joint proposal for the selection and use of a court appointed expert in these cases. The parties propose "that a Court Appointed Expert, if used at all, should provide testimony relating only to the background of pertinent technologies" in the form of "a tutorial for the jury limited to the technology and the terminology used in the relevant industry." Joint Proposal at 2-3. According to their proposal,

"The Court Appointed Expert would not provide any testimony relating to the substantive issues in dispute such as infringement or validity." Id. at 3.

The Court has considered the parties' joint proposal and intends to proceed with a court appointed expert who will provide testimony relating to the substantive issues in dispute as well as technological issues as discussed at the December 1, 2006 case management conference. The Court would also accept a jury waiver. The parties shall submit within two weeks a joint proposal regarding the selection of a court appointed expert who will provide testimony relating to the pertinent technologies as well as opinions regarding disputed issues.

The parties shall meet and confer concerning the individual that the Court will select as the court-appointed expert. If they cannot agree on the individual, the parties shall try to agree on the process for selecting the individual and shall inform the Court of the agreed process. If the parties cannot agree on a process, Plaintiff shall provide Defendants with two nominees; Defendants shall provide Plaintiff with two nominees. The parties will provide the Court with commentary, no more than five pages per side, on why the Court should select one of their nominees, and not one of the opposing side's nominees.

The parties are also ordered to submit a proposed schedule, including when the parties will provide the court-appointed expert with information, and what information will be provided, when the court-appointed expert's report should be due and when the parties will depose the court-appointed expert.

2

The Court will consider the parties' statement and then issue an order. If the parties have any legal arguments why the Court should not proceed in this manner, they should submit them to the Court along with the joint proposal.

IT IS SO ORDERED.

Dated: 1/22/07

*[signature: Claudia Wilken]*

CLAUDIA WILKEN
United States District Judge